UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID J. ELLRICH,<br><br>        Plaintiff,<br><br>      v.<br><br>JUDGE STEPHEN E. NEEL, in his official capacity, AND ALL OTHER JUSTICES OF THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, in their official capacities,<br><br>        Defendants. | CIVIL ACTION<br>NO. 09-11717-RWZ<br><br>LEAVE TO FILE GRANTED<br>ON 12/1/09 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

  As discussed in defendants' motion to dismiss, plaintiff David Ellrich has failed to state an actionable due process claim because he has an adequate post-deprivation remedy in the form of an appeal through the state courts. In opposing the motion to dismiss, Ellrich has now accused defendant Judge Stephen E. Neel and the Attorney General of "misleading this Court" by "purposefully rais[ing] a legally defective due process defense in the hope that this Court would remain blissfully unaware that state law forecloses a post trial appeal of the Defendant[']s Order." Pl.'s Opp. at 20. Ellrich further asserts that "[s]uch legal slight of hand bates [sic] this Court to dismiss Ellrich's federal action on a false legal premise and 'green lights' the Defendant[']s ability to commit additional violations of Ellrich's Constitutional rights." Id.

  Ellrich's accusations are spurious. As demonstrated by the very case he cites, although a denial of summary judgment might not be reviewable on appeal following a trial on the merits, the legal issue underlying the denial is of course reviewable if properly

preserved at trial.  Deerskin Trading Post, Inc. v. Spencer Press, Inc., 495 N.E.2d 303, 309 (Mass. 1986) ("The merits of a claim are better tested on appeal on the record as it exists after an evidentiary trial than on the record in existence at the time the motion for summary judgment was denied."); accord Shenker v. DeJesus, 733 N.E.2d 104, 105 (Mass. 2000) ("the legal issue identified by the judge in denying [a summary judgment] motion . . . may be reviewed on appeal").  Thus, contrary to Ellrich's assertions, he will have ample opportunity to raise his preemption arguments to the state appellate courts.  This is a more than adequate post-deprivation remedy, and so Ellrich's due process claim should be dismissed as a matter of law.

        Respectfully submitted,

        JUDGE STEPHEN E. NEEL, in his official capacity, AND ALL OTHER JUSTICES OF THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, in their official capacities,

        By their attorney,

        MARTHA COAKLEY
        ATTORNEY GENERAL

        /s/ Sookyoung Shin_____
        Sookyoung Shin
        Assistant Attorney General
        Government Bureau
        One Ashburton Place
        Boston, MA 02108-1698
        (617) 963-2052
Date:  December 1, 2009        sookyoung.shin@state.ma.us

3

## CERTIFICATE OF SERVICE

      I hereby certify that the above document will be served on December 1, 2009, by electronic notice for registered parties and a copy will be served by first-class mail, postage pre-paid, for non-registered parties.

                        /s/ Sookyoung Shin
                        Sookyoung Shin
                        Assistant Attorney General