UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11717-RWZ

DAVID J. ELLRICH

v.

STEPHEN E. NEEL, *et al.*

ORDER

April 26, 2010

ZOBEL, D.J.

Plaintiff David Ellrich, an investment advisor, was sued in the Massachusetts Superior Court by a former client for violations of various state securities laws. He moved for summary judgment on the grounds that the state law claims were pre-empted by the Investment Advisors Act, 15 U.S.C. § 80b-1, *et sec*, barred by a statute of limitations, 28 U.S.C. § 1658, and did not comply with pleading requirements for an SEC Rule 10b-5 securities fraud claim, see 15 U.S.C. § 78u-4(b)(1). The justice, Stephen Neel, denied the motion. Plaintiff then filed this action against Justice Neel and "all other justices of the trial court" seeking, in effect, an interlocutory appeal in the form of a declaratory judgment that the justice's ruling was erroneous. The complaint includes three counts, the first premised on the Ex parte Young doctrine, see Ex parte Young, 209 U.S. 123 (1908), and the latter two on 42 U.S.C. § 1983. Defendants move to dismiss for failure to state a claim. (Docket # 6.) Plaintiff moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Docket # 8.)

Ex parte Young stands for the general principle that Eleventh Amendment immunity does not bar a plaintiff from seeking injunctive relief against a state officer in an individual capacity. See generally Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997). This judicially created doctrine is constrained by the Anti-Injunction Act (the "AIA"), 28 U.S.C. § 2283, which prohibits a federal court from issuing an injunction to stay a state court proceeding except "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The AIA prohibition is equally applicable to a declaratory judgment where, as here, the declaration would have the same effect as an injunction. Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 848 F.2d 12, 15 (1st Cir. 1988). (See Pl.'s Mem. of Law in Opp'n 11 ("it is true that [plaintiff] may return to this Court, if granted a declaratory order, seeking enforcement of this Courts [sic] order," Docket # 9.)

Plaintiff argues that Count 1 falls within the "expressly authorized" exception because the Investment Advisors Act "could be given its intended scope only by the stay of a state court proceeding." (Pl.'s Mem. of Law in Opp'n 8 (citing Mitchum v. Foster, 407 U.S. 225, 238 (1972)).) There is no merit to this argument, as the potential misapplication of federal law in a preemption analysis by a state court, which is the wrong alleged by plaintiff, is not a basis on which to conclude Congress expressly authorized an exception to the AIA. See Amalgamated Clothing Workers v. Richman Bros., 348 U.S. 511, 519 (1955).

The parties agree that the two § 1983 counts fall within the expressly authorized exception to the AIA. Mitchum, 407 U.S. at 242-43 (recognizing that Congress, in

enacting § 1983, was concerned that state courts would be hostile to the vindication of federal rights). Section 1983 does not, however, provide relief against judges acting purely in their adjudicative capacity. In re Justices of the Supreme Court of P.R., 695 F.2d 17, 22 (1st Cir. 1982) (internal quotation marks omitted). Because the § 1983 allegations concern only an adjudicatory act by Justice Neel, plaintiff has failed to state a claim.

Plaintiff's motion for judgment on the pleadings is premature, as defendants have yet to file an answer, but in any event the motion fails for the same reasons that require dismissal.

Defendants' motion to dismiss (Docket # 6) is ALLOWED. Plaintiff's motion for judgment on the pleadings (Docket # 8) is DENIED. Plaintiff's motion for leave to file (Docket # 16) is ALLOWED. Judgment may be entered dismissing the complaint.

    April 26, 2010                        /s/Rya W. Zobel
        DATE                                     RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE